IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAT TRAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>OPTION ONE MORTGAGE CORPORATION; GMAC MORTGAGE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; WELLS FARGO BANK, N.A.; AMERICAN HOME MORTGAGE SERVICING, INC.; CITI MORTGAGE; DOES 1-100,<br><br>    Defendants.<br>_____ | ) CIVIL NO. 10-00741 LEK-KSC<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO DISMISS<br>) WITHOUT PREJUDICE ALL<br>) CLAIMS ASSERTED AGAINST<br>) DEFENDANTS OPTION ONE<br>) MORTGAGE CORPORATION,<br>) MORTGAGE ELECTRONIC<br>) REGISTRATION SYSTEMS,<br>) AMERICAN HOME MORTGAGE<br>) SERVICING, INC., WELLS<br>) FARGO BANK, N.A., AND CITI<br>) MORTGAGE<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT
PREJUDICE ALL CLAIMS ASSERTED AGAINST DEFENDANTS OPTION
ONE MORTGAGE CORPORATION, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, AMERICAN HOME MORTGAGE SERVICING,
<u>INC., WELLS FARGO BANK, N.A., AND CITI MORTGAGE</u>

On April 27, 2011, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed against Defendants Option One Mortgage Corporation and Mortgage Electronic Registration Systems ("MERS") for failure to timely serve the Complaint. Plaintiff commenced this action on December 13, 2010, and filed an Amended Complaint on January 28, 2011. At the February 4, 2011 Further Triage

Conference, the Court instructed Plaintiff to properly serve Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure ("FRCP"). Doc. No. 15.

At the April 5, 2011 Further Triage Conference and Rule 16 Scheduling Conference, the Court again advised Plaintiff of his obligation to timely serve Defendants. Doc. No. 23. With the exception of Defendant GMAC Mortgage Corporation, Plaintiff has failed to serve the originally named Defendants,[1] even though the deadline for doing so under FRCP 4(m) expired on April 12, 2011. See Fed. R. Civ. P. 4(m) (requiring a defendant to be "served within 120 days after the complaint is filed"); Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120-day period provided by [FRCP] 4(m) is not restarted

---

[1] The originally named Defendants include Option One Mortgage Corporation, GMAC Mortgage Corporation, and MERS. Although Plaintiff initially identified MERS as a Defendant, neither the caption of the Amended Complaint nor the "parties" section of the Amended Complaint includes MERS, despite the fact that MERS is mentioned in the body of the pleading. FRCP 10(a) requires the title of the complaint to name all the parties. Fed. R. Civ. P. 10(a).

by the filing of an amended complaint except as to those defendants newly added in the amended complaint.") (emphasis added); City of Merced v. Fields, 997 F. Supp. 1326, 1337-39 (E.D. Cal. 1998).

In the OSC, the Court cautioned Plaintiff that he must serve the Defendants named in the Amended Complaint by May 28, 2011,[2] and that his failure to do so may result in a recommendation that said Defendants be dismissed. Although Plaintiff had more than one month's notice of the OSC hearing date, he neither responded to the OSC nor appeared at the hearing.

At the OSC hearing, the Court construed the OSC to include American Home Mortgage. Because the OSC also noted that Wells Fargo Bank was named as a Defendant in the Amended Complaint, and that Citi Mortgage was named in the body of the Amended Complaint (but not the caption), the Court hereby construes the

---

[2] Plaintiff added Wells Fargo Bank, N.A. and American Home Mortgage Servicing, Inc. as Defendants in the Amended Complaint. Plaintiff identifies Citi Mortgage as a Defendant in the body of the Amended Complaint, but has not included Citi Mortgage in the caption, as required by FRCP 10(a).

OSC to include Wells Fargo Bank and Citi Mortgage, who have yet to be served.  As noted above, Plaintiff was to serve these Defendants, along with American Home Mortgage, by May 28, 2011.  Based on the current record before the Court, he has not done so.

Courts do not take failures to comply with Court orders lightly.  FRCP 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

Here, dismissal is appropriate given Plaintiff's failure to prosecute; namely, his failure to serve Defendants MERS, Option One, and American Home Mortgage, and failure to respond to the OSC or appear at the OSC hearing.  The Court, after considering the five dismissal factors set forth in Pagtalunan v.

Galaza, 291 F.3d 639, 642 (9th Cir. 2002),[3] finds that they weigh in favor of dismissal.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. So too does the lack of availability of less drastic alternatives. The Court has repeatedly advised Plaintiff of his obligation to comply with FRCP 4. Yet Plaintiff has not served Defendants Option One, MERS, American Home Mortgage, Wells Fargo, and Citi Mortgage, and he has not explained his failure, despite being presented with the opportunity to do so. Even the threat of dismissal did not compel a response. Thus, the Court is left with no choice but to dismiss. The

---

[3] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan, 291 F.3d at 642.

Court believes that an extension of time to serve would be futile given Plaintiff's failure to comply with his FRCP 4 obligations to date.

Moreover, Defendants will suffer prejudice if this case continues to proceed in their absence.  The additional time that passes without service being effected will impair their ability to proceed to trial and interfere with the rightful decision of the case. Id.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed without prejudice against Defendants MERS, Option One, American Home Mortgage, Wells Fargo, and Citi Mortgage for failure to serve.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, June 13, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge


TRAN V. OPTION ONE MORTGAGE CORPORATION, ET AL.; CIVIL NO. 10-00741 LEK-KSC; FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE ALL CLAIMS ASSERTED AGAINST DEFENDANTS OPTION ONE MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, AMERICAN HOME MORTGAGE SERVICING, INC., WELLS FARGO BANK, N.A., AND CITI MORTGAGE